

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **UNDER SEAL** |
| ) | |
| v. ) | Criminal No. ~~1:18-CR-~~ |
| ) | 1:18-MJ-18 |
| JERRY CHUN SHING LEE, a/k/a ) | |
| Zhen Cheng Li ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S MOTION TO SEAL ~~INDICTMENT~~
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint, until the United States moves to unseal the complaint, the affidavit in support of the complaint and the criminal information.

I. **REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Federal Bureau of Investigation is investigating the defendant for his unlawful retention of classified documents that pertain to the National Security of the United States, in violation of Title 18, United States Code, Section 793(e).

2. Premature disclosure of the charge against the defendant would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendant and jeopardize the defendant's ability to cooperate in the investigation. Disclosure of the complaint, the affidavit in support of the complaint, and the criminal information would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

1

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints, affidavits in support of complaints, and criminal informations. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint, the affidavit in support of the complaint, and the criminal information is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint, the affidavit in support of the complaint, and the criminal information would need to remain sealed until the United States moves to unseal said documents.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. [*For automatic unsealing cases, include this sentence*: The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action].

WHEREFORE, the United States respectfully requests that the complaint, the affidavit in support of the complaint, and the criminal information and this Motion to Seal and proposed Order

2

be sealed until the United States moves to unseal said documents.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: /s/ W. Neil Hammerstrom, Jr.
W. Neil Hammerstrom, Jr.
Assistant United States Attorney